# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NDOKEY ENOW, # 435845 | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. PWG-15-3176 |
| JUDGE STEVEN G. SALANT | * | |
| Defendant. | * | |

***

| | | |
|---|---|---|
| NDOKEY ENOW, # 435845 | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. PWG-15-3348 |
| DEBORAH FEINSTEIN, Assistant State's Attorney, | * | |
| RYAN WESCHSLER, Assistant State's Attorney, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Pending are two complaints filed by Ndokey Enow ("Enow"). They represent Enow's seventh and eighth complaints related to his conviction in 2015 in the Circuit Court for Montgomery County for solicitation to commit first-degree murder in Case 125462C.[1] His six previously filed cases were dismissed for failure to state a claim.[2]

As background, I note that on January 9, 2015, Enow pleaded guilty in the Circuit Court of Maryland for Montgomery County to solicitation to commit first-degree murder in Case

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/.

[2] *See Enow v. Montgomery County DOC*, PWG-15-2597; *Enow v. State's Attorney for Montgomery County*, PWG-15-2598; *Enow v. Judge Steven G. Salant*, PWG-15-2602; *Enow v. Montgomery County Department of Police et al.*, PWG-15-2603; *Enow v. Montgomery County Department of Police et al.*, PWG-15-2607; *Enow v. Warden*, PWG-15-3004. On October 19, 2015, Enow filed a complaint in *Enow v. Warden*, Civil Action No PWG-15-3177, which raises claims concerning his detention at the Montgomery County Correctional Facility. That case will be considered separately.

125462C. Judge Salant, an Associate Judge on the Circuit Court of Maryland for Montgomery County, sentenced him on February 27, 2015 to forty years of incarceration, with twenty years suspended.

On October 19, 2015, Enow filed *Enow v. Judge Steven G. Salant*, Civil Action No. PWG-15-3176. ECF No. 1. Enow, who is an inmate at the Maryland Correctional Institution-Hagerstown, also filed motions for leave to proceed in forma pauperis, to appoint counsel, for a court-appointed expert witness, and for a court-appointed arbitrator or mediator. ECF Nos. 2–5.

On October 30, 2015, he filed *Enow v. Feinstein, et al.*, Civil Action No. PWG-15-3348. ECF No. 1. Enow also filed a motion to proceed in forma pauperis, a motion to appoint an expert witness, a motion to appoint an arbitrator or mediator, and a motion to appoint counsel. ECF Nos. 2–5. On November 2, 2015, Enow filed a supplement to the complaint. ECF No. 8.

I will grant Enow's motion to proceed in forma pauperis in both cases for the purpose of preliminary screening of the complaints. As Enow is proceeding as an indigent, the Court is required to screen prisoner complaints filed in forma pauperis and dismiss claims which are frivolous, malicious or fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2);1915A(b); *see also Neitzke v. Williams*, 490 U.S. 319, (1989) (noting claims which fail to state a claim may be dismissed sua sponte).

## Case No. PWG-15-3176

Enow is suing the Honorable Judge Steven G. Salant for defamation of character, malpractice and negligence, and for violating his rights under the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, the Maryland Constitution, the Maryland Tort Claims Act, and Maryland common law. Enow claims Judge

Salant improperly imposed a sentence above the recommended guidelines and defamed his character "on ABC7 News Media."[3] Compl. ¶ 13. Enow takes exception to Judge Salant's comments that Enow's actions were "heinous" and that Enow had "a history of violence, particularly against women." *Id.* As relief, Enow requests $250,000 million in damages. *Id*. ¶ 19.

This is Enow's second complaint filed against Judge Salant. *See Enow v. Judge Steven G. Salent*, Civil Action No. PWG-15-2602 (D. Md.). The former complaint was dismissed on October 7, 2015, on the grounds of judicial immunity and the *Rooker-Feldman* doctrine.[4] Despite Enow's assertion that "the plaintiff has not filed any other lawsuits dealing with the same facts involved in this civil action," Compl. ¶ 8, this complaint is essentially a frivolous repetition of claims against Judge Salant that I dismissed in PWG-15-2602. I will dismiss Case No. PWG-15-3176 for the same reasons.

### Case No. PWG-15-3348

In this case, Enow brings suit against Assistant State's Attorneys Deborah Feinstein and Ryan Weschler, claiming they violated the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution, Maryland common law, the Maryland Constitution, and the Maryland Declaration of Rights. Enow contends that defendants' "negligence" caused him to suffer significant economic loss, psychological torture, depression, migraines, loss of reputation, and loss of family ties. As relief, he seeks $650 million in damages. Compl.

---

[3] It appears that Enow alleges that ABC7 News Media reported on the sentencing and quoted Judge Salant's statements made at the sentencing. *See* Compl. ¶ 13.

[4] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp*. 434 F.3d 712, 719 (4th Cir. 2006)) (noting a federal court may not conduct appellate review of a state court decision).

Enow alleges that Feinstein defamed him by stating at sentencing that he had a long history of violence against women. As best I can discern, Enow claims that this statement was reported later by ABC news media outlets, and he thus was defamed. Compl. ¶ 12. He claims Defendants acted with deliberate indifference to his health and safety by defaming his character, although he does not identify how either defendant acted in this regard. Additionally, Enow claims defendants used "falsely fabricated" evidence during his criminal proceedings and should not be entitled to prosecutorial immunity. *Id.* Enow avers that defendants breached their duty to use professional care, respect his constitutional rights, and proceed with confidentiality. *Id.* ¶¶ 12–15.

The complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for several reasons. First, Defendants are entitled to prosecutorial immunity. Prosecutors receive absolute immunity because they must be able to perform certain official duties without the constant fear of lawsuits. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Feinstein's comments at sentencing were part of her prosecutorial duties and are entitled to absolute prosecutorial immunity. When a prosecutor is working "within the scope of his [or her] duties in initiating and pursuing a criminal prosecution," he or she is within the ambit of absolute immunity. *Id.* at 410.

Next, as Enow is by now undoubtedly aware, he may not appeal his conviction and sentencing in federal court. The *Rooker–Feldman* doctrine prohibits the federal district courts from asserting subject matter jurisdiction for the purpose of reviewing state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284–85 (2005).

Insofar as Enow faults defendants for providing false documents and "breaching" their duty toward him, his self-serving conclusory allegations are wholly lacking supporting facts.

Further, his claims for damages implicate the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds a litigant may not raise claims attacking his conviction without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or called into question by a federal court through the issuance of a writ of habeas corpus.[5] To the extent the claims implicate *Heck*, they will be dismissed without prejudice.

## In Forma Pauperis Status

Enow cannot appeal his state judgment and sentence in federal court. His barrage of filings will not change this fact, and it burdens court employees who must process his repetitive, lengthy, and meritless filings. I caution him again that if he continues to file meritless cases, a pre-filing injunction may be necessary to limit his ability to file further lawsuits relating to the events that underlie these repetitive, frivolous cases.

Enow's claims in PWG-15-3176 and PWG-15-3348 are frivolous, fail to state a claim upon which relief may be granted, and seek damages from a defendant who is immune from relief. Both cases will be dismissed with prejudice, as amendment would be futile. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1139 (4th Cir. 1993) ("Appropriate reasons to prohibit further amendments of a complaint include . . . futility of amendment." (internal quotation marks omitted)); *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 319 (D. Md.), *aff'd*, 584 F. App'x 135 (4th Cir. 2014) (dismissing with prejudice claims where "[f]uture amendments would be futile because no additional facts could defeat a motion to dismiss . . ."). I will assign second "strike" pursuant to 28 U.S.C. § 1915(g) in case PWG-15-3176.[6] I will assign a third "strike" to

---

[5] If Enow wants to pursue his claims regarding the validity of his conviction and sentence, he may do so in the appropriate state court. Upon exhaustion of his state court remedies, he may also file a federal petition for writ of habeas corpus to attack his state judgment of conviction. *See* 28 U.S.C. § 2254.

[6] I assigned Enow a "first strike" under 28 U.S.C. §1915(g). *See* Civil Actions No. PWG-15-2598; PWG-15-3004.

Enow under 28 U.S.C. § 1915(g) in PWG-15-3348. Enow is barred from filing a complaint in forma pauperis unless he states a claim indicating that he is in imminent danger of physical harm.[7]

## Conclusion

The cases will be dismissed with prejudice pursuant to 28 U.S.C. §§1915(e)(2);1915A(b). Enow will be assigned a second "strike" pursuant to 28 U.S.C. §1915(g) in case PWG-15-3176, and a third "strike" in PWG-15-3348. A separate Order follows.

November 19, 2015
Date

Paul W. Grimm
United States District Judge

---

[7] Enow may continue to file other complaints so long as they are accompanied by the full $400 filing fee.